**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**GREG GRIFFIN,**

     **Plaintiff,**

**vs.**                                                                  **CASE NO.:**

**ORKIN, LLC,**

     **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GREG GRIFFIN ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, Orkin, LLC, ("Defendant") and in support thereof states as follows:

**JURIDISCTION AND VENUE**

1.      This suit is brought against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Texas Labor Code ("TLC"), Texas Statutes Chapter 21 § 21.051, *et seq*.

2.      Jurisdiction is conferred upon this Court by:

    a.      42 U.S.C. § 200e-5;

    b.      28 U.S.C. § 1331; and

    c.      28 U.S.C. § 1343.

3.      The supplemental jurisdiction of this Court is invoked with respect to Plaintiff's claim under the laws of Texas pursuant to:

a.      Title 28 U.S.C. § 1367(a), because the Texas claim is so related to the federal claim within the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution; and

b.      Title 28 U.S.C. § 1343, because the claim arises out of the same operative facts as the federal claim, and is such that the parties would ordinarily expect to try them in one proceeding.

4.      Venue is proper for the United States District Court for the Northern District of Texas because:

a.      Plaintiff's employment with Defendant took place in the Northern District of Texas;

b.      The illegal conduct complained of and the resultant injury occurred within the judicial district in and for the Northern District of Texas; and

c.      Additionally, venue lies pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Plaintiff's claims occurred within the Northern District of Texas, and because Defendant is subject to personal jurisdiction there due to employing Plaintiff in the Northern District of Texas.

**<u>CONDITIONS PRECEDENT</u>**

5.      Prior to the institution of this lawsuit, Plaintiff dual filed a charge of discrimination with the Equal Employment Opportunity Commission and Texas Workforce Commission alleging violations of Title VII and the TLC by Defendant.

6.      Plaintiff's charge of discrimination was received by the Equal Employment Opportunity Commission on January 7, 2020.

2

7.    On July 17, 2020 Plaintiff requested a Right to Sue letter from the Equal Employment Opportunity Commission.[1]

8.    This Complaint is being filed within ninety (90) days of the date in which Plaintiff requested his Notice of Right to Sue, and has been filed more than one-hundred and eighty (180) days after the Charge of Discrimination was filed with the EEOC and Texas Workforce Commission.

9.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

10.    Plaintiff is a citizen of the United States, who during all material times resided in the Northern District of Texas, and currently resides in the Northern District of Texas.

11.    Plaintiff is black and of Puerto Rican descent.

12.    Orkin, LLC is a Limited Liability Company listing its corporate mailing address as 2170 Piedmont Rd NE., Atlanta, GA 30324. See https://www.Orkin.com/customer-care.

13.    Plaintiff worked for Defendant at its Garland, Texas location located at 3634 Dividend Drive, Garland, Texas 75042.

14.    Plaintiff worked for Defendant as a Pest Control Technician.

15.    Plaintiff was/is an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f) and the TLC.

16.    Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b) and the TLC.

17.    Defendant is engaged in an "industry affecting commerce" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

---

[1] Though Plaintiff's counsel has not yet received the Notice of Right to Sue, upon its receipt counsel will amend this Complaint to include it as an Exhibit.

18.    At all times material to this action, Defendant engaged in unlawful racially/ethnically discriminatory practices against Plaintiff in violation of Title VII and the TLC.

## STATEMENT OF CLAIMS

19.    Plaintiff was hired by Defendant on or about February 2018 as a Pest Control Technician.

20.    Immediately at the start of his employment, Plaintiff witnessed his supervisor, Russel "Rusty" Ward ("Mr. Ward") make discriminatory and racially offensive comments.

21.    Mr. Ward routinely made racially motivated comments regarding all races including African Americans and Puerto Ricans.

22.    Approximately three weeks into Plaintiff's employment, Plaintiff reported the discriminatory and racially offensive comments to Human Resources when a site visit was made to evaluate technicians, managers and supervisors.

23.    According to Plaintiff, several other technicians also voiced concern that Mr. Ward routinely made discriminatory and racially offensive comments during work.

24.    Despite reporting Mr. Ward to Human Resources, nothing was done by Defendant to counsel Mr. Ward regarding his conduct.

25.    Over the course of Plaintiff's employment, Mr. Ward continued to make racially offensive comments such as "I would never trust a Puerto Rican" and "Puerto Ricans were two-faced".

26.    On or about September 10, 2019, Plaintiff engaged in a recorded conversation with Mr. Ward wherein Mr. Ward specifically admitted he was racist against Puerto Ricans.

27.    Mr. Ward further explained that due to an incident in the Navy that involved Puerto Ricans, he became racist against Puerto Ricans.

4

28.     Shockingly, Mr. Ward admitted that the United States Navy made him racist.

29.     Mr. Ward then went on to explain that it was his belief that Puerto Ricans always side with their own race in a dispute against non-Puerto Ricans.

30.     In response, Plaintiff respectfully offered an opportunity to personally change Mr. Ward's negative view of Puerto Ricans.

31.     Mr. Ward immediately declined stating "How are you going to change my mind? You act just like the rest of them."

32.     On October 17, 2019, Plaintiff offered the recorded evidence to Branch Manager, Ron Walter ("Mr. Walter"), in an effort to provide proof of Mr. Ward's discriminatory and racially offensive conduct and put an end to said conduct.

33.     Sadly, Mr. Walter trivialized Plaintiff's concerns stating "Mr. Ward was just a country boy who didn't know any better".

34.     Due to non-action by Mr. Walter, Plaintiff explained to Mr. Walter he would be going to Human Resources with the record evidence in an effort to stop Mr. Ward's discriminatory and racially offensive conduct.

35.     On October 18, 2019, the following day, Plaintiff's employment was terminated.

36.     Plaintiff engaged in protected activity when he repeatedly complained of Mr. Ward's racially offensive conduct, recorded Mr. Ward's racially offensive conduct, and threatened to report Mr. Ward's racially offensive conduct to Human Resources.

37.     Defendant has engaged in unlawful employment practices in violation of Title VII and the TLC by discriminating against Plaintiff when Defendant terminated his employment in retaliation for reporting discriminatory and racially offensive conduct.

38.     Plaintiff's employment was terminated in retaliation for engaging in statutorily protected activity.

39.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities.

40.     The unlawful employment practices complained of above were intentional.

41.     The unlawful employment practices complained of above were willful.

## APPLICABLE STATUTES

42.     Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq., provides in pertinent part as follows:

> (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

43.     Chapter 21 of the Texas Labor Code provides in pertinent part as follows:

> § 21.055- An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:
> 1)     opposes a discriminatory practice;
> 2)     makes or files a charge;
> 3)     files a complaint; or
> 4)     testifies, assists, or participates in any manner in any investigation, proceeding, or hearing.

### COUNT I
### TERMINATION BASED ON RETALIATION FOR
### ENGAGING IN PROTECTED ACTIVITY (TITLE VII)

44.     Plaintiff re-alleges and adopts paragraph 1 – 43 as though set forth fully herein.

6

45.    Defendant unlawfully retaliated against Plaintiff because he opposed a practice made unlawful by Title VII when he reported discriminatory and racially offensive conduct to Defendant.

46.    Plaintiff's opposition to the practice was a protected activity under Title VII.

47.    Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under Title VII.

48.    Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on his engaging in protected activity.

49.    The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.

50.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, GREG GRIFFIN, prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.    Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits and/or lost earning capacity;

      d.    Compensatory damages for emotional pain and suffering;

      e.    Injunctive relief;

      f.    Prejudgment interest;

      g.    Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT II
## TERMINATION BASED ON RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY (TEXAS LEGAL CODE)

51.    Plaintiff re-alleges and adopts paragraph 1 – 43 as though set forth fully herein.

52.    Defendant unlawfully retaliated against Plaintiff because he opposed a practice made unlawful by the Texas Legal Code when he reported discriminatory and racially offensive conduct to Defendant.

53.    Plaintiff's opposition to the practice was a protected activity under the Texas Legal Code.

54.    Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the Texas Legal Code.

55.    Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on his engaging in protected activity.

56.    The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under Texas state law.

57.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, GREG GRIFFIN, prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

8

   c.      Front pay and benefits and/or lost earning capacity;

   d.      Compensatory damages for emotional pain and suffering;

   e.      Injunctive relief;

   f.      Prejudgment interest;

   g.      Costs and attorney's fees; and

   h.      Such other relief as the Court may deem just and proper.

**<u>Plaintiff specifically reserves the right to amend his Complaint to seek punitive damages against Defendant</u>**

DATED this 22nd day of July 2020.

          **MORGAN & MORGAN, P.A.**

          **/s/ *Paul M. Botros***
          **PAUL BOTROS, ESQ.**
          Tex. Bar No.: 24040548
          Fed Bar No.: 37216
          Morgan & Morgan, P.A.
          8151 Peters Road, Suite 4000
          Plantation, FL 33324
          Tel: 954-327-5352
          Fax: 954-327-3017
          Email: PBotros@forthepeople.com

          **and**

          **/s/ *Matthew R. Gunter***
          **MATTHEW R. GUNTER, ESQ.**
          (pro hac vice application forthcoming)
          Fla. Bar No.: 0077459
          Morgan & Morgan, P.A.
          20 North Orange Avenue, 14th Floor
          P.O. Box 4979
          Orlando, FL 32802-4979
          Tel.: (407) 236-0946
          Fax: (407) 867-4791
          Email: MGunter@forthepeople.com
          Attorneys for Plaintiff